IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON SALEM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 09-50230 |
| RANDALL SCOTT SLOOP ) | |
| ) | |
| Debtor ) | |
| _____) | |

**ORDER AND OPINION DENYING REAFFIRMATION AGREEMENT**

This case came before the court on June 3, 2009, pursuant to Section 524 of the Bankruptcy Code, for consideration of a reaffirmation agreement between the above-referenced debtor (the "Debtor") and HSBC Auto Finance (the "Creditor") and to show cause as to why the reaffirmation agreement should not be stricken as a result of a failure to comply with Rule 4008(a) of the Federal Rules of Bankruptcy Procedure. Amy S. Davis appeared on behalf of the Debtor. The Debtor sought to reaffirm a debt in the amount of $13,280.05, which debt is secured by a 2006 Toyota Scion XB, VIN:JTLKT334064074329.

The reaffirmation agreement was filed with the Court on May 11, 2009, and was therefore not filed with the Court within sixty (60) days after the first date set for the Section 341 meeting of creditors as required by Bankruptcy Rule 4009(a). The Debtor filed his bankruptcy petition on February 4, 2009, and on the same date filed his statement of intentions indicating that he intended to retain his 2006 Toyota Scion XB and reaffirm his debt with the Creditor. On April 24, 2009, counsel for Debtor spoke James Parmley of HSBC Auto Finance stating that the Debtor intended to retain the vehicle and sign a reaffirmation agreement, and requested that Creditor provide Debtor's counsel with a copy of the certificate of title and security agreement, as well as a

proposed reaffirmation agreement.  Mr. Parmley faxed the proposed reaffirmation agreement and supporting documents to Debtor's attorney on April 24, 2009.  The Debtor and his counsel signed the agreement and returned it to the Creditor on April 24, 2009.

Upon reviewing the agreement, the record in this case, and the arguments presented at the hearing, the Court finds that the Debtor properly filed his statement of intention indicating that he wanted to reaffirm the debt, as required by Section 524(c) , and further, the Debtor took all reasonable steps to perform his intention with respect to such property pursuant to Section 521(a)(2).

It is therefore ORDERED that the reaffirmation agreement between the Debtor and the Creditor, filed on May 11, 2009, is stricken and will not be approved by the Court as the reaffirmation agreement was filed with the Court beyond sixty (60) days, as required by Bankruptcy Rule 4008(a).  Further, since the Debtor timely complied with the requirements of Section 524(c) and 521(a)(2), and in all respects agreed to reaffirm the debt on the original terms of the contract, the Court finds that (1) the automatic stay remains in effect, (2) the vehicle remains property of the estate pursuant to Section 521(d) that would give it effect have not been met, so long as the Debtor remains current in his payments on the property.  See Coastal Federal Credit Union v. Hardiman , 398 B.R. 161, 189 (E.D.N.C. 2008); In re Husain, 364 B.R. 211, 219 (Bankr. E.D. Va. 2007); In re Hinson, 352 B.R. 48, 53 (Bankr. E.D.N.C. 2006).

**PARTIES TO BE SERVED**

Randall Scott Sloop

Amy S. Harris

C. Edwin Allman

Michael D. West

HSBC Auto Finance